United States District Court
Middle District of Florida
Jacksonville Division

JOHN N. JONCHUCK, JR.,

    **Plaintiff,**

**v.**                                                            **No. 3:24-cv-120-WWB-LLL**

RICKY D. DIXON, ET AL.,

    **Defendants.**

---

### Order

Plaintiff, an inmate of the Florida penal system, is proceeding pro se and in forma pauperis on a complaint for violation of civil rights, doc. 1, against twelve defendants, including supervisory officials, medical providers, corrections officers, and an investigator, based on conduct that occurred in October 2022 at Suwannee Correctional Institution-Annex (SCIA). Asserting violations of the Eighth and Fourteenth Amendments, plaintiff alleges the following: unidentified staff at SCIA neglected him, starved him, and denied him certain privileges between October 18 and 31, 2022, apparently because Officer Underhill told them he was in prison on a murder charge; Officer Underhill, Nurse Harris, Nurse Narjem, Nurse Henderson (not a named defendant), Officer Biladeu, Sergeant Greene, Officer Evando, and Officer John Doe "tortured" him for about forty-five minutes inside the medical room (Medical Room Incident) on about October 25, 2022 (the precise date is unclear); an unidentified staff member in classification lied either to him or his attorney; Nurse

Harris "put a diabetic need[le] into [his] forehead[,] causing one of [his] eyebrows to permanently droop," and struck him in the face with an open hand; and Inspector Kensey did not "adequately investigate" a Prison Rape Elimination Act incident that occurred at the Reception and Medical Center, a separate institution from SCIA. Doc. 1 at 9–12 (¶¶ 1-2, 7–10, 12, 14, 16). He claims he was subjected to cruel and unusual punishment and excessive force, in violation of the Eighth Amendment and was the victim of a "hate crime," in violation of the Fourteenth Amendment (for being targeted because of his murder conviction). *Id.* at 7.

The Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards. The Federal Rules of Civil Procedure provide in pertinent part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Additionally, a plaintiff may set forth only related claims in one civil rights complaint; he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir.

2

1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Liability under § 1983 may not be premised on a theory of vicarious liability. In other words, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or

3

vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

Plaintiff's complaint is deficient in the following ways: he attempts to join claims that have no "logical relationship" (e.g., his Eighth Amendment claims arising out of the Medical Room Incident appear unrelated to any purported claims arising out of being neglected or starved by unnamed staff); he attempts to proceed against supervisory officials on a theory of respondeat superior (e.g., Secretary Dixon and Warden Lane); he does not assert factual allegations or clearly identify claim(s) against all named defendants (e.g., he names twelve defendants but mentions only eight in Section IV, "Statement of Claim"); he complains about conduct that is not a constitutional violation (e.g., failing to adequately conduct an internal investigation or lying); he includes allegations that are unclear or appear unrelated to any purported claim (e.g., those in paragraphs 2, 3, 13, and 14); and he asserts allegations against a nurse he does not name as a defendant (e.g., Nurse Henderson).

If plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards. He may proceed only on one claim or related claims, and he must explain who did what and how each defendant's actions or omissions caused a constitutional injury. It appears plaintiff's primary claim is one for excessive force against the individuals involved in the Medical Room Incident. If plaintiff wants

to proceed on other claims against other defendants based on conduct that occurred on a different day, he must explain how those claims have a "logical relationship" with the claims arising out of the Medical Room Incident. To the extent plaintiff intends to pursue claims against the defendants involved in the Medical Room Incident, he should know the Fourteenth Amendment is inapplicable. Rather, the Eighth Amendment "serves as the primary source of substantive protection" for such conduct, *Whitley v. Albers*, 475 U.S. 312, 327 (1986), because when a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process,'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Additionally, "[t]he Hate Crimes Act does not confer rights on a specific class of persons, but rather criminalizes certain offences … [and] specifically provides for criminal enforcement …." *Nazer v. City of St. Petersburg*, No. 8:16-cv-2259-CEH-JSS, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017) (internal quotation marks omitted) (citing cases).

Plaintiff is further advised that "fictitious-party pleading is not permitted in federal court," unless a plaintiff can describe a fictitious (or "Doe") defendant with such particularity that the Doe defendant can be identified and served. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual guard allegedly involved); *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976–77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

If plaintiff chooses to amend his complaint, he must submit a complaint that cures the noted deficiencies, and he also must comply with the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:24-cv-120-WWB-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of all defendants (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

8. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

9.    In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

It is **ordered**:

1.     The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2.     Within **thirty days** of the date of this order, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3.     Plaintiff's failure to comply with this order may result in the dismissal of this case.

**Ordered** in Jacksonville, Florida on October 31st, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
John N. Jonchuck, Jr., #Y90393, pro se
        Blackwater River Correctional Facility
        5914 Jeff Ates Rd
        Milton, FL 32583

8